240

Rockingham, } No. 3905.
June 6, 1950. }

RUTH W. CARBONNEAU *v.* HOOSIER ENGINEERING COMPANY & a.

*William H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for the plaintiff.

*William L. Phinney*, Attorney General and *Warren E. Waters*, Law Assistant (*Mr. Waters* orally), for the Commissioner of Labor.

*Sullivan & Gregg* and *S. Robert Winer* (*Mr. Sullivan* orally), for the other defendants.

LAMPRON, J. Ruth W. Carbonneau, as dependent wife of Albert F. Carbonneau and as mother and joint guardian by statute of their minor children, has no present legal or equitable right or title against which the defendants claim adversely. Her rights in those capacities

would arise only upon the decease of her husband. Laws 1947, *c.* 266, *ss.* 2 VII, 20. Unless therefore Albert F. Carbonneau is a party to this petition, so that his rights will be determined or foreclosed conclusively by any judgment or decree thereon, the petition must be dismissed. *Faulkner* v. *Keene,* 85 N. H. 147, 150.

Ruth, however, also petitioned as next friend of her husband Albert and this brings us to the consideration of her right so to do; and assuming she has that right, the proper manner of exercising it.

The usual method by which an action is brought on behalf of an adult, who by reason of physical or mental disability is unable to act in any way for himself, is by a guardian appointed under the provisions of R. L., *c.* 343, *s.* 2; and the action is brought in the name of the incompetent person. *Lang* v. *Whidden,* 2 N. H. 435; *Lasquade* v. *Lippa,* 322 Mass. 287; 44 C. J. S. 299. Actions by a next-friend are customarily instituted in the name and on behalf of a minor. *Clarke* v. *Gilmanton,* 12 N. H. 515, 517, 518; *Beliveau* v. *Company,* 68 N. H. 225, 228; *Strong* v. *Company,* 82 N. H. 221; *Hollis* v. *Tilton,* 90 N. H. 119, 121; 27 Am. Jur. 838. However no weighty reason has been advanced by the defendants, and we know of none, why, in the absence of a duly appointed guardian, an action cannot be commenced by a next-friend in the name and on behalf of an incompetent or insane person. *Upton's Committee* v. *Bush,* 135 Ky. 102, 113; 44 C. J. S. 305; 28 Am. Jur. 737-8. See *Buckingham* v. *Alden,* 315 Mass. 383; note 64 L. R. A. 513.

Although the manner of instituting the action in this case is defective and not to be recommended, under the method of practice followed in this jurisdiction (*Wisutskie* v. *Malouin,* 88 N. H. 242, 243; *Morrill* v. *Bank,* 90 N. H. 358, 359) this action can be treated as though it had been brought in the name of the incompetent by his next-friend. Plaintiff, however, should amend the pleadings in that respect. *Edgewood Civic Club* v. *Blaisdell,* 95 N. H. 244, 247.

The defendants further contend that plaintiff's petition should be dismissed because they admit that Albert is entitled to compensation and neither he nor anyone on his behalf has elected or manifested any intention of electing to retain his common law rights instead of accepting compensation, therefore there is no justiciable controversy between the parties. *Conway* v. *Board,* 89 N. H. 346, 349; *Merchants Mutual Cas. Co.* v. *Kennett,* 90 N. H. 253, 255; *Gitsis* v. *Thornton,* 91 N. H. 192. Looking at the situation realistically, however, the plaintiff takes the position that Albert has not lost his rights at common law as to this injury because he had time left in which to make an

election. The defendants, on the other hand, maintain that by not having elected to retain his common law rights prior to the time of injury the plaintiff has lost such rights as regards this injury. The plaintiff is therefore claiming "a present right" to elect what remedy he will have for this injury and the defendants are "claiming adversely to such right." R. L., c. 370, s. 20. Consequently there is a justiciable controversy between them which is properly the subject matter of a petition for a declaratory judgment. *International Brotherhood* v. *Riley*, 95 N. H. 162.

Defendants' next contention is that by bringing an action at law for his injuries the same questions raised in this petition would be raised and decided therein; so the plaintiff has other adequate procedure available and the petition should be dismissed. *Lisbon District* v. *Lisbon*, 85 N. H. 173, 174; *Webster* v. *Hubley*, 92 N. H. 431; *Trefethen* v. *Amazeen*, 93 N. H. 110, 112; *Judge of Probate* v. *Company*, 94 N. H. 177, 180. This argument might be convincing if the constitutionality of the workmen's compensation law were not in controversy. That being the case "a petition for a declaratory judgment is particularly appropriate to determine the constitutionality of a statute when the parties desire and the public need requires a speedy determination of public interests involved therein." *Chronicle &c. Pub. Co.* v. *Attorney-General*, 94 N. H. 148, 150; *Tirrell* v. *Johnston*, 86 N. H. 530; *Woolf* v. *Fuller*, 87 N. H. 64; *Vantine Studio* v. *Portsmouth*, 95 N. H. 171.

Our next consideration is the meaning of Laws 1947, c. 266, s. 10. "Unless and until an employee . . . has filed with his employer and with the commissioner of labor, within fifteen days after this chapter becomes effective, or within fifteen days of date of employment, a declaration in writing that he does not accept the compensation provisions of this chapter, which declaration shall take effect from date of service on the commissioner of labor, he shall be assumed to have accepted the provisions of this chapter, and to have waived his rights of action at common law to recover damages for personal injuries against his employer." By using the language "unless and until an employee . . . has filed . . . he shall be assumed to have accepted . . . and to have waived. . . "; and by further stating that his "declaration shall take effect from date of service on the commissioner of labor . . . " it seems clear to us that the Legislature intended to and has changed the workmen's compensation law of our state from one which gave the employee the unlimited right of election after injury (R. L., c. 216, ss. 12, 13), the only state where it existed (Note, 60

Harv. L. Rev. 1131, 1133), to one where election by the employee has to be made before injury and within the specified period of fifteen days. *Harris* v. *Hobart Iron Co.*, 127 Minn. 399, 400.

The plaintiff takes the position that section 10, so interpreted, together with the provisions of section 35 of said act, is an unreasonable restriction upon the constitutional right to a trial by jury (Const. Pt. I, *Art.* 20) in that the employee is required to elect prior to injury or employment and without knowledge of the risks which are involved in the employment for which he is engaged or in which he may become engaged.

Our interpretation of said section 10 is consonant with the legislative purpose of workmen's compensation acts, viz: to abolish the common law system of defenses with reference to injuries to employees and substituting therefor a new type of liability, liability without fault, depending solely on relationship to the job. *Mulhall* v. *Company*, 80 N. H. 194, 196; *Bourgeois* v. *Crawford Const. Co.*, 213 La. 991; *Nigohosian* v. *Daub & Co.*, 90 N. Y. S. (2d) 562; *N. Y. Central R. R. Co.* v. *White*, 243 U. S. 188, 205. Because "in the vast majority of . . . cases, the provisions of the statute are very much to the benefit and advantage of the employee. For this reason his employment has been placed under those provisions, by operation of law through the creation of a presumption, and it is governed thereby until he chooses otherwise." *Bourgeois* v. *Crawford Const. Co., supra,* 1002; Such acts are clearly constitutional. *Mathison* v. *Minneapolis Ry. Co.*, 126 Minn. 286, 295; *Young* v. *Duncan*, 218 Mass. 346, 351; *New York Central R. R. Co.* v. *White, supra,* 207; 58 Am. Jur. 602; 1 Schneider, Workmen's Compensation, Text *s.* 77; See *Opinion of Justices*, 209 Mass. 607. They are not a denial of the right to trial by jury. Under the provisions of section 10 "the employee is not compelled to give up any common law or constitutional right. It is a matter of choice whether he avails himself of one or the other. Reasonable provisions are made for the exercise of his election." *Young* v. *Duncan, supra,* 353. *Hawkins* v. *Bleakly*, 243 U. S. 210. Having chosen to accept the provisions of Laws 1947, *c.* 266, no constitutional problem is involved in subjecting the employee to settlement of his disputes in the manner prescribed by section 35 of said chapter. 58 Am. Jur. 586; See *Opinion of Justices*, 41 N. H. 550, 552;

Laws of 1947, *c.* 266, is not rendered unconstitutional by reason of the provisions of sections 10 and 35 thereof. Albert F. Carbonneau not having filed before his injury the declaration reserving his common law rights, as required by section 10, he is deemed to have ac-

cepted the act as far as that injury is concerned. *Harris* v. *Hobart Iron Co.*, *supra*. His physical and mental disability being subsequent instead of prior to his injury raises no problem as to his capacity to elect what remedy he would rely on for that injury.

*Case discharged.*

All concurred.