Strafford,
No. 4344.

CORA PIKE, *Adm'x v.* HERBERT A. ADAMS.

Argued September 7, 1954.

Decided September 30, 1954.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the plaintiff.

*Cooper, Hall & Cooper* (*Mr. Hall* orally), for the defendant.

DUNCAN, J. In *Niemi* v. *Railroad,* 87 N. H. 1, decided in 1934, it was held that verdicts should be directed for the defendant in actions brought to recover damages for injuries resulting in death when it was established that the negligence of the surviving beneficiaries caused or contributed to cause the injuries. In the case before us the right of the plaintiff administratrix to recover

depends upon the establishment of the defendant's negligence, and since he is the sole beneficiary under the statute (R. L., c. 355, s. 14), the defendant relies upon the *Niemi* case for the proposition that the action may not be maintained. The plaintiff concedes that the defendant is not entitled to share in the proceeds of recovery, but asserts that the action may nevertheless be maintained because by the amendment to section 14 of the statute enacted in 1935 (Laws 1935, c. 80, s. 1), the Legislature provided that distribution of damages recovered in such an action shall be "less the expenses of recovery, the expenses of administration, the necessary charges for the burial of the deceased, and the reasonable charges for the last sickness of the deceased, all of which shall be approved by the probate court."

When *Niemi* v. *Railroad* was decided, only "the expenses of recovery" were to be deducted before distribution of the damages. P. L., c. 302, s. 14. The law was then well established that damages recovered in an action for personal injuries resulting in death, although recovered by the personal representative, were not assets of the estate subject to the claims of creditors but belonged exclusively to the statutory beneficiaries. *Cogswell* v. *Railroad,* 68 N. H. 192; *Davis* v. *Herbert,* 78 N. H. 179; *Ghilain* v. *Couture,* 84 N. H. 48, 53. This was so although among the elements of damage recoverable in such an action were "the reasonable expenses occasioned to [the decedent's] estate by the injury" (s. 12), a provision considered to include hospital, medical and funeral charges. *Baker* v. *Salvation Army,* 91 N. H. 1, 5. See *Hackett* v. *Railroad,* 89 N. H. 514, 517. While the existence of surviving statutory beneficiaries had been held a prerequisite to the right "to go to trial," it was not a statutory prerequisite to survival of a cause of action, or to the right to bring an action after death (P. L., c. 302, ss. 9, 11), nor was failure to allege or prove survival by beneficiaries a cause for dismissal. *Hinman* v. *Director General,* 79 N. H. 518. See *Niemi* v. *Railroad, supra,* 5.

The amendment of 1935 provided for deduction before distribution not only of the expenses of recovery but also of those of administration, burial and last sickness. And in *Manor* v. *Gagnon,* 92 N. H. 435, 439, it was expressly stated that "funeral expenses are part of the damages to be recovered . . . a charge against the estate, and are to be paid by the administrator."

The ruling of the Trial Court that the action now before us may be maintained, was in our opinion correct, and not inconsistent

with the recent decision in *Burke* v. *Burnham*, 97 N. H. 203, 207, 208. There the characteristics of our statute as a "combined death and survival statute" were reviewed, and the conclusion reached that "two rights of coincidental recovery" were not intended but that actions brought under section 11 afford an exclusive remedy for damages for resulting death.

While the defendant is clearly precluded from benefiting from any recovery, this disability arises from common-law principles (*Niemi* v. *Railroad, supra,* 6) and not from any provision of the statute. The statute provides that the cause of action shall survive the death of the injured person without regard to any rights of beneficiaries to share in a recovery. R. L., c. 355, ss. 9, 11. If one of two beneficiaries is precluded by his fault from so sharing, judgment may be entered for the amount of the verdict less his distributable share. *Martineau* v. *Waldman,* 93 N. H. 386; *Humphreys* v. *Ash,* 90 N. H. 223, 228. If a sole beneficiary is precluded from receiving the benefits of recovery, as in the instant case, the action is not on that account barred.

The 1935 amendment was undoubtedly enacted to assure payment to creditors of the specified expenses which had theretofore been recoverable by the statutory beneficiaries but for which they were not necessarily liable over to creditors of the estate. See *Niemi* v. *Railroad, supra,* 3-4; McCormick on Damages, s. 102. By virtue of the amendment the estate is to be discharged of these liabilities through payment by the plaintiff representative. *Manor* v. *Gagnon, supra.* Even so, no purpose to create an independent cause of action in favor of the estate or its creditors is discerned. *Burke* v. *Burnham, supra.* See McCormick, *supra,* s. 97. The effect of the amendment was to deprive beneficiaries of a right to retain the amount of these expenses and to require payment over to creditors of the estate. It affected only rights in the distributable proceeds, as distinguished from rights in the surviving cause of action (*ss.* 9-11). The rights of creditors are against the administrator or the beneficiaries for whom he is trustee, and not against the tort defendant. The Legislature neither designated the creditors statutory beneficiaries nor expressed an intent that they should have rights in, or control of, the cause of action. Thus whether a right of action exists still depends upon survival of the decedent by a statutory beneficiary; and the right does exist where such a beneficiary survives, irrespective of whether he is entitled to share in the distribution of any proceeds.

In the pending case, since a statutory beneficiary exists, the action may be maintained. Since he is likewise the defendant, upon the establishment of whose negligence the right to recovery depends, he may not share in any proceeds of recovery. The duty of the administratrix to pay the charges and expenses specified by the amendment nevertheless persists if she recovers.

Determination of the procedure to be followed upon trial is for the Superior Court. *Humphreys* v. *Ash*, 90 N. H. 223, 228. Because only creditors are entitled to the proceeds, no necessity appears for assessment of those elements of damage which would be distributable to the statutory beneficiary but for his causal negligence. Of course his liability as defendant must first be established; but so far as now appears the issue of damages is restricted to determination of the specified expenses and charges approved by the probate court. The plaintiff has suggested no reason to anticipate prejudice to her in such procedure. If the defendant should assert that prejudice would result to him, the contention is one for consideration by the Trial Court.

*Exception overruled.*

All concurred.