Strafford,
No. 4338.

VIOLA F. GAGNE, *Adm'x & a.*

*v.*

GARRISON HILL GREENHOUSES, INC. *& a.*

Argued November 3, 1954.

Decided December 15, 1954.

*Burns, Calderwood & Bryant* (*Mr. Bryant* orally), for the plaintiffs.

*Charles F. Hartnett* (by brief and orally), for the defendants.

DUNCAN, J. Under the employers liability and workmen's compensation statute (R. L., c. 216) as it stood prior to enactment of the Workmen's Compensation Law of 1947 (Laws 1947, c. 266), it was established that the employee's right to recover damages at common law against a third person was unaffected by his right to compensation or his acceptance thereof. *McCullough* v. *Company,* 90 N. H. 409. The same principle was previously announced with respect to the right of the employee's representative to recover against a third person for wrongful death. *Holland* v.

*Company,* 83 N. H. 482. See also, *Stacy* v. *Company,* 83 N. H. 281. Thus prior to 1947, an employee who suffered injury arising out of and in the course of his employment or in case of death his representative, was entitled both to compensation from the employer, and tort damages from a third party whose negligence caused or contributed to cause the injury.

The Workmen's Compensation Law of 1947 (Laws 1947, c. 266, s. 10) required for the first time that as against his employer an employee elect between compensation and his common-law rights within fifteen days of his employment (*Carbonneau* v. *Company,* 96 N. H. 240), rather than after injury, as was permitted by the prior statute. R. L., c. 216, ss. 11-13. The new act further provided by the same section that unless an election not to accept compensation were so made in writing, the employee should be assumed "to have waived his rights of action at common law to recover damages for personal injuries *against his employer.*" S. 10, *supra.* (Emphasis supplied).

Section 12 of the new act as amended by Laws 1949, c. 160, was designed to change the prior law by providing for reimbursement of the employer for compensation paid by him where a third person was found liable for the same injury in a tort action. This section provides that "damages recovered by the employee" in such an action, "less the expenses and costs of action," shall be subject to a lien in favor of the employer "to the extent of the compensation, medical, hospital or other remedial care already paid, or agreed or awarded to be paid by the employer under this chapter." Provision for "payment to the employer of the amount of his lien" is made, by requiring that no settlement shall be binding until approved by the Labor Commissioner or Superior Court and such orders have been entered as are necessary to insure payment of the lien. The section further provides that "in any case in which the employee neglects to exercise his rights of action" for a period of nine months after injury, the employer "shall be subrogated to the rights of the injured employee to recover against such third person" and that the proceeds of recovery in such case less the expenses and costs of action shall be applied to reimbursement of the employer, and any excess "paid to the injured employee."

The case now before us raises the question of whether section 12 of the Workmen's Compensation Law operates to establish in favor of an employer liable to a dependent of a deceased employee for compensation for the employee's death arising out of and in the

course of the employment, a lien upon damages recovered on account of the death, from a stranger to the employment, by the representative of the decedent's estate.

Determination of this issue presents a difficult problem in statutory construction. Since the Workmen's Compensation Law is involved, it is to be approached in the light of the principle established since the inception of workmen's compensation in this jurisdiction, that such a statute is remedial, and to be construed liberally so as to effectuate its purpose to provide, among other things, readily available compensation to employees and their dependents for "a fractional part of the loss of earnings of the employee for a limited period." *Mulhall* v. *Company*, 80 N. H. 194, 199; *Bolduc* v. *Company*, 97 N. H. 360, 365. At the same time it must be recognized that the "right of the workman is no greater than the Legislature has provided it shall be" (*Carbonneau* v. *Company*, 97 N. H. 438, 443) and that the requirements of section 12 are among those "clearly designed for the benefit of the employer." *Id.*, 442.

It is plain that section 12 was intended to provide security for reimbursement of the employer for compensation paid to an injured employee, by imposing a lien upon damages recovered from third persons by the employee. Whether its provisions were likewise intended to extend to cases of fatal injury and to impose a lien upon recovery by a deceased employee's legal representative under R. L., c. 355, ss. 9-14 is not so apparent. The opening words of the section tend to indicate a scope which is belied by language which follows. "Where an injury for which compensation is payable under . . . this chapter has been sustained . . . " is the language used. "Compensation" is a term used to describe the payments required to be made to dependents of an employee "if death results from the injury" (s. 20); and section 2 of the law provides that "unless the context clearly requires otherwise" the word "injury as used in and covered by this chapter shall mean accidental injury or death." *S.* 2 (III).

No other language in section 12 suggests that fatal injury cases were intended to be brought within its scope; and nowhere are actions by dependents, or actions to recover for death expressly mentioned. The rest of section 12 is phrased wholly in the language of the rights "of the injured employee" against a third person, the damages recovered "by the employee," settlement of "his" claim "by an employee," and subrogation of the employer to

the rights "of the injured employee." The statutory definition of "employee" operates to restrict rather than to enlarge the purview of the section by defining the word to mean "any person in the service of an employer subject to the provisions of this chapter under any contract of hire . . . . " *S.* 2 (II).

Examination of other sections of the law with a view to determining whether death cases are intended to be affected where not expressly mentioned fails to disclose any consistent scheme of draftsmanship. Thus section 10 above referred to provides that when an employee has elected not to accept compensation, the employer shall thereafter be entitled to assert all of his common-law defenses in any action for damages for "personal injury . . . or for *death resulting.*" (Emphasis supplied.) Similarly section 11 relating to injuries outside the state, deals with situations where "an employee is injured while employed elsewhere . . . so that he *or his dependents* would be entitled to compensation if he had been injured in this state." (Emphasis supplied.) On the other hand, section 8 requiring employers to furnish evidence of security for the payment of compensation makes no specific mention of death cases or dependents, but refers only to "compensation to their employees." Similarly section 34 relating to agreements for compensation provides only for agreements between employer and "injured employee," although it would be expected that both sections would apply to cases of fatal injury as well.

Other factors bear upon the probable intent of the Legislature. It has been determined that section 20 of the act was intended to create in a dependent widow or child a right of action separate and distinct from that of the deceased employee (*Hirsch* v. *Company,* 97 N. H. 480, 486), contrary to the situation prevailing under the prior law. See *Cote* v. *Company,* 85 N. H. 444. Long before the Workmen's Compensation Law of 1947, it was established that damages recovered in an action for wrongful death belong to the beneficiaries named in the statute. *Pike* v. *Adams,* 99 N. H. 221. Comparison of this statute (R. L., c. 355, s. 14) with the compensation statute (Laws 1947, c. 266, ss. 2 VII, 20) makes it readily apparent that the beneficiaries and their interests under the two statutes are not the same. *Cf. Dowd* v. *Moore,* 99 N. H. 313. Some cogent indication of purpose should appear, before the Legislature is held to have intended to impose a lien upon damages recovered by one class of persons to reimburse an employer for compensation payments made to another class. See *Doleman* v.

*Levine,* 295 U. S. 221; *Reidy* v. *Old Colony Gas Co.,* 315 Mass. 631; *Prudential Ins. Co.* v. *Laval,* 131 N. J. Eq. 23; 2 Larson, Workmen's Compensation Law, *s.* 74.42.

If section 12 was intended to apply to fatal injury cases it is likewise apparent that other conflicts would arise which the statute does not resolve. Thus the lien of the employer would attach not only to damages recovered for loss of earning capacity and for medical expenses, but also for pain and suffering, which play no part in the determination of compensation paid by the employer. *Martel* v. *Wallace,* 83 N. H. 276, 279. Again, the death statute provides for the payment of expenses of recovery, administration, and of burial and last sickness (R. L., *c.* 355, *s.* 14, *supra*) while the employer's lien attaches to the damages "less the expenses and costs of action" only. *S.* 12. If a lien in favor of the employer was intended to attach to the proceeds of recovery in the hands of the decedent's representative, it would seem to have priority over the expenses enumerated in the death statute. *S.* 14. On the other hand, if as some provisions of the section in question imply, the employer was intended to have only derivative rights, because "subrogated" to the rights of dependents to whom compensation is payable (see *McCullough* v. *Company,* 90 N. H. 409, 412), the lien would attach merely to the distributory shares of the dependents and would not affect payment of the expenses enumerated by the death statute.

The plaintiffs call to our attention two instances of legislative action with respect to the compensation statute which serve to illuminate the legislative intent and to which we may properly turn for guidance in view of the uncertainties which the statute by itself presents. 2 Sutherland, Statutory Construction (3rd *ed.*) *ss.* 5001, 5015; Crawford, Statutory Construction, *s.* 216. The original bill which became Laws 1947, *c.* 266, contained the definition of "employee" appearing in the statute as first enacted (*s.* 2 II), but with the following addition: "Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents, and other persons to whom compensation may be payable." H. B. 35, 1947 session. By amendment of the bill this extension of the definition was eliminated. See Journal of the House, 1947, *pp.* 953, 1014. Had it been permitted to remain, little doubt concerning the intended applicability of section 12 to fatal injury cases would have arisen. The amendment so far as it affected section 12, points strongly to

a purpose not to include legal representatives of deceased employees because not specifically mentioned. *Cf. s.* 2 I. *State* v. *Nadeau*, 81 N. H. 183. See *Wiseman* v. *State*, 98 N. H. 393.

It would be presumptuous for us to imply in a remedial statute such as this constrictive provisions which were expressly rejected by those who enacted the statute. The legislative intent as disclosed by the history of the Law appears to have been confirmed by the only action which has since been taken with respect to section 12. In 1949 the lien provided to secure reimbursement for compensation only was extended by amendment to likewise secure reimbursement for "medical, hospital or other remedial care." Laws 1949, *c.* 160. Since section 20 of the statute requires the employer to pay "the expenses of burial not exceeding three hundred dollars" in fatal injury cases where no dependents survive, it would be expected that the 1949 amendment of section 12 would have extended the lien to expenses of burial as well as remedial care, if section 12 were regarded as applicable to fatal cases.

An intention to afford employers some measure of relief in non-fatal cases without affecting the rights of representatives of deceased employees against third persons in fatal cases is not to be viewed as wholly unreasonable, particularly in view of the limits imposed upon recoverable compensation and damages in fatal cases. Laws 1953, *c.* 69, *s.* 1; Laws 1949, *c.* 254. Weighing the numerous factors which bear upon the intent of the Legislature, we conclude that section 12 is inapplicable to fatal injury cases, that the definition of "injury" contained in section 2 III of the Workmen's Compensation Law was not intended to apply to the use of that word in section 12, and that neither defendant has a lien upon the proceeds of settlement of the law action brought by the plaintiff administratrix.

In view of this conclusion, it is unnecessary to consider other issues raised by the plaintiffs with respect to section 12. The transferred question is answered in the negative.

*Remanded.*

All concurred.