HOWARD SCHWEIZER, PLAINTIFF, v. ELOX DIVISION OF COLT INDUSTRIES, DEFENDANTS-THIRD PARTY PLAINTIFFS-APPELLANT.

STANLEY J. KRAWCZUK AND CAROLYN KRAWCZUK, PLAINTIFFS, v. ELOX DIVISION OF COLT INDUSTRIES, DEFENDANT-THIRD PARTY PLAINTIFFS-APPELLANT.

LINDA BARTON, ADMINISTRATRIX AD PROSEQUENDUM, ETC., PLAINTIFF, v. ELOX DIVISION OF COLT INDUS-TRIES, DEFENDANT-THIRD PARTY PLAINTIFF-APPEL-LANT AND GENERAL ELECTRIC COMPANY, DEFEND-ANT-THIRD PARTY PLAINTIFF-APPELLANT, v. SEN-TRY INSURANCE COMPANY, STATUTORY SUBROGEE OF METEM CORPORATION, THIRD PARTY DEFEND-ANT-RESPONDENT.

Argued March 22, 1976—Decided June 11, 1976.

*Mr. Bernard F. Conway* argued the cause for appellants (*Messrs. Conway & Belsole,* attorneys; *Mr. E. Neal Zimmermann* on the brief).

*Mr. John J. Ronca* argued the cause for respondent (*Messrs. Ronca & McDonald,* attorneys).

The opinion of the court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. We are asked on this appeal to alter the construction of the employer-subrogation provisions of the Workmen's Compensation Act (*N. J. S. A.* 34:15–40) from that consistently understood and practically applied in this State by those concerned therewith over the years.

The act provides, expressly and without qualification, that the employer or his compensation carrier is subrogated to the injured employee's cause of action in tort against the third-party tortfeasor to the extent of compensation payments made by the employer or its carrier. We are asked now to declare, for the first time since the reimbursement section was added to the act in 1913 (*L.* 1913, *c.* 174, Sec. 8), that the third-party defendant to a tort action may have his liability reduced *pro tanto* by any payments in compensation made by the employer if the latter's negligence contributed to the employee's injury — thereby extinguishing the employer's statutory right of reimbursement from the third-party recovery in that instance. For reasons to be stated, we decline to adjudicate such a change in the settled law.

The three plaintiffs here involved were employees of Metem Corporation and were injured in an industrial accident. Workmen's compensation benefits were paid by the employer's insurance carrier, Sentry Insurance Co. Third-party tort actions were instituted by plaintiffs against defendants-third party plaintiffs Elox Division of Colt Industries and General Electric Company. The latter filed third-party complaints against Metem and Sentry asserting the claim for relief summarized above. On motion by Sentry, Judge Gascoyne, sitting in the Law Division, dismissed the third-party complaints as failing to state a valid claim for relief. The Appellate Division denied a motion for leave to appeal, but we granted such a motion, 68 *N. J.* 498 (1975), and now affirm.

Appellants invoke the precedents of several other jurisdictions which take the minority view on this issue — that a

right of subrogation is withheld from a negligent employer in such circumstances in order to vindicate the equitable principle that a wrongdoer shall not profit from his wrong. *Brown v. Southern Ry.,* 204 *N. C.* 668, 169 *S. E.* 419 (Sup. Ct. 1933); *Maio v. Fahs,* 339 *Pa.* 180, 14 *A.* 2d 105 (Sup. Ct. 1940); *Witt v. Jackson,* 57 *Cal.* 2d 57, 17 *Cal. Rptr.* 369, 366 *P.* 2d 641 (Sup. Ct. 1961). Although there are variations, the general mode of implementation of the principle is to reduce the judgment against the third party *pro tanto* by the amount of the employer's compensation liability. The cited authorities and those which represent the contrary majority view are collected and discussed in the comprehensive opinion of Judge Gascoyne, with which we are in general agreement. 133 *N. J. Super.* 297 (1975).

■■ Our affirmance is based on two broad grounds: (a) the intention of the legislation in this State is too clearly expressed in the statute itself to permit the judicial construction sought by appellants; (b) the policy encompassed by the statute is not so plainly offensive to principles of justice, if offensive at all, as to warrant this court straining for a result contrary to the clear expression in the statutory language.

■ Before specifying the subrogation provisions, the statute recites that in the event of the payment of any sum to the employee by the third person on account of its liability to the employee *"the liability* of the employer under this statute thereupon shall be *only* such as is hereinafter in this section provided." (emphasis added). *N. J. S. A.* 34:15-40. "Liability" of course includes the measure of damages as well as the substantive fact of liability. If the sum recovered from the third person equals or exceeds the compensation liability[1] "the employer * * * shall be released from such liability and *shall be entitled* to be reimbursed" for compensation payments made. (emphasis added). *Id.*

---

[1]References to compensation liability or compensation payments herein include liability for or payments of medical expenses incurred by the employer for the employee.

(b). If the sum recovered from the third person is less than the compensation liability the employer "shall be liable for the difference" and "shall be entitled to be reimbursed * * * for so much of the medical expenses incurred and compensation payments theretofore paid" to the employee as exceeds the amount of the difference aforesaid. *Id.* (c).

The statute further provides, in effect, that if, prior to any payment to the employee by the third person, the employer notifies the third person that compensation has been applied for, it shall "become the duty" of the third person before making any payment to inquire of the employer as to compensation theretofore paid to the employee. Thereafter, out of any payment about to be made by the third person to the employee, the employer "shall be entitled to receive" from the third person so much thereof as the employer is entitled to receive under the aforestated reimbursement provisions of the act, which sums are deductible from the amounts due the injured employee. *Id.* (d).

If an injured employee fails for a year after the accident to institute an action or settle a claim against the third person, the employer, after 10 days notice to the employee, may institute such an action in the name of the employee or make a settlement with the third person "for such right of action that the * * * employee * * * would have had against the third person". The proceeds are allocable between employee and employer in the same manner as aforestated when the action or settlement is at the instance of the employee. *Id.* (f).

■■ It is apparent that this entire carefully articulated scheme of adjustment of the respective rights and liabilities of employee, employer and third person would be altered substantially if modified by the condition that the rights of the employer *vis-a-vis* the third person as stated were cancellable upon a judicial determination that the negligence of the employer contributed to the accidental injury. It is common knowledge, and the Legislature must be assumed to have so known when the predecessor of Section 40 was

adopted, that industrial accidents are frequently due to the joint negligence of the employer and third persons. It is therefore unthinkable that if the intent of the draftsmen had been as now contended for by the appellants there would not have been an express exception in the statute for the contingency of employer negligence.

██ Both the heretofore judicial interpretation of the section, see *Zotta v. Otis Elevator Co.*, 64 *N. J. Super.* 344, 348–349 (App. Div. 1960), and its practical construction by the negligence and compensation bar as well as the liability insurance industry, of which we will take judicial notice, has been to the effect that employer negligence plays no part in its interpretation and administration. Such continuous and uniform judicial and practical construction of a statute without legislative alteration for over 60 years is very strong evidence of its correctness.

We are not at all impressed by the argument that the Legislature should not be deemed to have intended a "reward" to a "wrongdoer". The latter characterization is out of place in the industrial scene where human negligence by corporate agents and employees is commonplace and certainly carries no moral connotations. The legislative rationale for the existing scheme of the compensation act as a whole, read together with the employer subrogation and reimbursement provisions, is plain and quite defensible.

██ The employer renders itself absolutely liable for the scheduled and fixed compensation liability to the injured employee regardless of absence of negligence on its part or the contributory negligence of the employee. The employee, for his part, is guaranteed recovery for his common-law damages against contributing third-party tortfeasors or for his compensation award, whichever is greater, but he may not duplicate these recoveries. But the act is neutral insofar as the third-party tortfeasor is concerned, leaving him with his common-law liability to the injured employee, or, if the latter has been recompensed therefor to any extent by

compensation payments, to the statutorily subrogated employer who has made those payments.

 The implicit legislative determination, in all of the foregoing, that the employer's negligence, if any, shall not affect the liability relationships of the parties, is consonant with the overall legislative policy that negligence, whether of the employer or the employee, shall play no part in the administration of the workmen's compensation act or in the incidence or amount of employer liability. The subrogation provisions simply represent the legislative policy determination as to the appropirate measure of the employer's net pecuniary liability *vis-a-vis* the employee. Statutory immunity of the employer from common-law liability to the employee substantially distinguishes the case from those in which a tortfeasor is entitled to contribution from a participating joint tortfeasor. There is no joint liability of the employer and the third party to the employee. See *Wellenheider v. Rader,* 49 *N. J.* 1, 9 (1967); *Farren v. N. J. Turnpike Authority,* 31 *N. J. Super.* 356 (App. Div. 1954).

Judgment affirmed.[2]

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, SCHREIBER and Judges CONFORD and KOLOVSKY—7.

*For reversal*—None.

---

[2] It is observable that acceptance of the North Carolina rule urged upon us by appellants would mean that where the third party recovery was equal to or less than the compensation liability the negligent third person would escape scot-free (is a "wrongdoer" thus rewarded?); and unless the third-party recovery was at least double the compensation liability the third person would never contribute as much as one-half the damages.

Furthermore, introduction of the contested issue of the employer's negligence into the third-party action would substantially increase the cost of workmen's compensation insurance. While the rule might provide an off-setting benefit in reducing the cost of insurance to third-party tortfeasors, the expense of litigating the negligence issue would be an added burden to industry as a whole, and the additional litigation would encumber our judicial apparatus.