Carroll
No. 7734

### MICHAEL M. RANSMEIER, ADMINISTRATOR, ESTATE OF ISRAEL LEE ESKEN

### v.

### CAMP CODY, INC.

September 30, 1977

*Sulloway, Hollis, Godfrey & Soden,* of Concord (*Mr. Michael P. Lehman* orally), for the plaintiff.

*Wyman, Bean & Stark,* of Manchester (*Mr. Louis C. Wyman* orally), for the defendant.

PER CURIAM. The issue in this case is whether a wrongful death action under RSA 556:12 brought by the administrator of a deceased employee's estate is barred by RSA 281:12 (Supp. 1975) of the workmen's compensation law. We hold that it is not. Israel Lee Esken, a minor aged 16, was employed by the defendant as a dishwasher during the summer of 1973. On July 14, 1973, Esken drowned while using one of the camp's canoes. Decedent's funeral bill of $595 was paid to decedent's father and sole heir, Marcel Esken, by defendant's workmen's compensation carrier. After plaintiff filed the action for wrongful death, defendant moved for dismissal on the grounds that the action was barred by RSA 281:12 (Supp. 1975). The motion was granted, and all questions of law were reserved and transferred by the Trial Court (*King,* J.).

The statute provides that "[a]n employee . . . shall . . . have waived his rights of action at common law to recover damages for personal injuries against his employer. . . ." Plaintiff in this case is not an employee, but the administrator of the deceased employee's estate. The only rights of action which are waived by the employee under RSA 281:12 (Supp. 1975) are *his* rights, and those of his spouse to recover for consequential damages. An administrator is not an employee within the definition of RSA 281:2 III (Supp. 1975); neither the plaintiff nor Marcel Esken, decedent's father and sole heir, is a dependent within the statutory definition of RSA 281:2 IX (Supp. 1975).

New Hampshire's exclusionary liability clause is extremely narrow. 2A A. Larson, Workmen's Compensation Laws § 66.10 (1976). "Our law could have provided, as do the statutes of many states, that common-law actions by parents, dependents and next-of-kin, are also excluded when the employee receives a compensable injury. Our law does not so provide, either expressly or by fair implication." *Archie v. Hampton,* 112 N.H. 13, 16, 287 A.2d 622, 624 (1972). "The statutory definition of 'employee' operates to restrict rather than to enlarge the purview of the section. . . ." *Gagne v. Greenhouses,* 99 N.H. 292, 295, 109 A.2d 840, 842 (1954). Prior to its amendment and its enactment in 1947 as

a revised workmen's compensation law, House bill 35 (1947) proposed that the definition of the word "employee," in what is now RSA 281:2 III (Supp. 1975), include the employee's legal representatives, dependents, and other persons to whom compensation may be payable. However, the definition was amended and narrowed to include only the employee himself. *Gagne,* 99 N.H. at 297, 109 A.2d at 844. As the administrator of the deceased employee's estate, plaintiff is not barred by the statute.

Furthermore, the statute bars only the employee's common-law actions. "An action for wrongful death was unknown to the common law." *Tanner v. King,* 102 N.H. 401, 402, 157 A.2d 643, 644 (1960). *See also Burke v. Burnham,* 97 N.H. 203, 84 A.2d 918 (1951); *Niemi v. Railroad,* 87 N.H. 1, 173 A. 361 (1934). Thus, plaintiff's wrongful death action does not fall into the proscribed category under RSA 281:12 (Supp. 1975). New Hampshire's survival act statute reverses the common-law rule that personal actions die with the person, and allows the decedent's representatives to initiate suits which accrued to the decedent for the benefit of his estate. Franklin, *Wrongful Death and Survival Actions in New Hampshire,* 6 N.H.B.J. 305 (1964). If the decedent had survived the accident, his common-law suit for tortious injury would have been foreclosed; because plaintiff's wrongful death action was created solely by statute, it is not foreclosed by RSA 281:12 (Supp. 1975). The workmen's compensation exclusionary statute was passed in 1947, sixty years after wrongful death actions were statutorily created. Had the legislature wished to bar statutory actions in addition to common-law actions, it could have done so.

■ The contract of employment which the deceased signed stated that any accident liability would be limited by workmen's compensation regulations. As plaintiff's suit is not barred by RSA 281:12 (Supp. 1975), decedent's release is not a bar to plaintiff's action for wrongful death. In this case, no discharge of *this* cause of action was given by the decedent before his death. *See Burke v. Burnham,* 97 N.H. 203, 84 A.2d 918 (1951).

*Exceptions sustained; remanded.*

GRIMES, J., did not sit.