Robin L. TAYLOR, as Personal Representative of the Estate of Donald C. Kiedrowski, Appellant,

v.

SOUTHEAST–HARRISON WESTERN CORPORATION, Appellee.

No. S–266.

Supreme Court of Alaska.

Feb. 8, 1985.

Mary E. Guss, Law Offices of Clifford H. Smith, Ketchikan, for appellant.

Michael A. Barcott, Faulkner, Banfield, Doogan & Holmes, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

Donald C. Kiedrowski was killed in a dynamite blast.[1] The superior court dismissed an action for wrongful death, filed by Kiedrowski's estate, upon the ground that the action was barred by the exclusive remedy provision of the Alaska Workers' Compensation Act, AS 23.30.055.[2] In this appeal, the estate challenges the court's ruling, claiming a denial of its right to equal protection of the law. U.S. Const., amend. XIV, § 1; Alaska Const., art. I, § 1.[3]

At the time of his death, Kiedrowski was employed by Southeast-Harrison Western Corporation. He was unmarried and left no statutory dependents.[4] A few months after the death, an action was filed on behalf of Kiedrowski's estate, against his employer, Southeast-Harrison. The action was one for wrongful death, filed pursuant to AS 09.55.580.

In the superior court, Southeast-Harrison moved to dismiss the complaint, arguing that the action was barred by AS 23.30.055. Under that section, the estate's exclusive remedy is a claim for the death benefit provided by the Workers' Compensation Act.[5] The superior court granted the employer's motion, treating it as a motion for summary judgment. *See* Alaska R.Civ.P. 56.

If Kiedrowski had been survived by a widow or other dependents, the death benefit provided by the Workers' Compensation Act would include an amount for his funeral expenses, *plus substantial survivors' benefits.* AS 23.30.215. Since he left no dependents, Kiedrowski's estate can recover only "reasonable and necessary funeral expenses, not exceeding $1,000." AS 23.-30.215(a)(1).[6] According to the estate, the different treatment thus provided the estate of a worker leaving no dependents denies it equal protection of the law.

The gist of appellant's argument is that the Workers' Compensation Act operates, in this instance, to deprive it of any meaningful remedy. Since it can recover only a nominal amount for funeral expenses, the estate contends that it is being deprived of the *quid pro quo* that has been relied upon, traditionally, to sustain the constitutionality of the exclusive remedy provision of the Act.

In support of its argument, appellant cites only one case directly on point: *Park v. Rockwell International Corp.*, 121 N.H. 894, 436 A.2d 1136 (1981). In that case, as here, an employee killed on the job left no dependents. Under the New Hampshire compensation act, the employee's estate could recover "only $1200 in burial expenses." *Id.*, 436 A.2d at 1138. The New Hampshire Supreme Court held that the remedy provided by the act violated the estate's right to equal protection of the law,[7] because, in the case of "employees ... who leave no dependents, nothing has been given in return for eliminating their [other] rights of action." 436 A.2d at 1138.

---

1. The circumstances of Kiedrowski's death are described in a coroner's Certificate of Presumptive Death, which is included in the record: "Donald Kiedrowski was last seen alive enroute to the powder magazine at the Tyee Project, Bradfield, Alaska, which exploded ... within minutes of his departure."

2. AS 23.30.055 provides, in part:
   The liability of an employer prescribed in [the Workers' Compensation Act] is exclusive and in place of all other liability of the employer and any fellow employee to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from the employer or fellow employee at law or in admiralty on account of the injury or death.

3. Under the Fourteenth Amendment to the Constitution of the United States, all persons are entitled to "the equal protection of the laws." The Alaska Constitution, in more detail, provides "that all persons are equal and entitled to equal rights, opportunities, and protection under the law." In this appeal, the estate relies on both of these provisions.

4. *See* AS 23.30.215.

5. *See supra* note 2.

6. A 1983 amendment increased the statutory limit from $1,000 to $2,500. Ch. 70, § 10, SLA 1983.

7. The court based its decision on state grounds, holding that the act violated "the equal protection provisions of [the] State Constitution. N.H. Const. pt. I, art. 12." 436 A.2d at 1140.

The overwhelming weight of authority, however, is to the contrary. Every other jurisdiction that has addressed this constitutional issue has upheld the exclusive remedy provision as it relates to non-dependents. *E.g., Snow v. United States,* 479 F.Supp. 936 (D.Nev.1979); *Slagle v. Reynolds Metal Co.,* 344 So.2d 1216 (Ala.1977); *Stample v. Idaho Power Co.,* 92 Idaho 763, 450 P.2d 610 (1969); *Leech v. Georgia-Pacific Corp.,* 259 Or. 161, 485 P.2d 1195 (1971); *West v. Zeibell,* 87 Wash.2d 198, 550 P.2d 522 (1976); *see also* 2A A. Larson, *The Law of Workmen's Compensation,* § 65.54 (1983).

Equal protection challenges to the exclusive remedy provision of Alaska's Workers' Compensation Act have been rejected in two prior cases: *Arctic Structures, Inc. v. Wedmore,* 605 P.2d 426 (Alaska 1979) and *Wright v. Action Vending Co., Inc.,* 544 P.2d 82 (Alaska 1975). A key factor in both of those decisions was our recognition of the fact that the Act serves "the goal of securing adequate compensation for injured employees without the expense and delay inherent in [ordinary civil litigation requiring] a determination of fault as between the employee and employer." *Arctic Structures, Inc. v. Wedmore,* 605 P.2d at 437. Here, as previously noted, appellant contends that that purpose is not served. We disagree.

█ The mistake that appellant makes is in viewing the exclusive remedy provided in this instance in isolation, rather than as part of a comprehensive scheme. *Cf. Anchorage Education Association v. Anchorage School District,* 648 P.2d 993, 997 (Alaska 1982) (unequal treatment of striking teachers substantially related to legitimate overall policy reflected in the applicable statutes). The exclusive remedy provided appellant is merely one feature of a program designed to provide compensation in a wide variety of cases. Appellant's equal protection claim must be decided in light of the purposes of the entire Workers' Compensation Act. The question is not simply whether appellant is being treated differently, as it clearly is; the question is

whether that different treatment bears a fair and substantial relationship to the admittedly legitimate goal of the Workers' Compensation Act. *State v. Ostrosky,* 667 P.2d 1184, 1193 (Alaska 1983); *State v. Erickson,* 574 P.2d 1, 12 (Alaska 1978).

█ The goal of the Act is to secure "guaranteed [and] expeditious compensation" for injured workers and their dependents, without regard to notions of fault and other factors controlling the result in ordinary civil litigation. *Arctic Structures, Inc. v. Wedmore,* 605 P.2d at 437. The scheme is essentially a trade-off. "The employer renders itself absolutely liable for the scheduled and fixed compensation liability to the injured employee regardless of [the] absence of negligence on its part or the contributory negligence of the employee." *Id.* at 440, *quoting Schweizer v. Elox Division of Colt Industries,* 70 N.J. 280, 359 A.2d 857, 861 (1976). In return, the employee gives up his other remedies at law. The plan, therefore, is necessarily one that required the legislature to balance a multitude of complex factors, many of which involved competing interests. *See, e.g., Wright v. Action Vending Co., Inc.,* 544 P.2d 82 (Alaska 1975) (wife's loss of consortium claim barred by the exclusive remedy provision of the Workers' Compensation Act).

Here the legislature has chosen to provide greater compensation to the estates of those deceased workers leaving dependents, *i.e.* persons, such as children and spouses, who are generally dependent, at least in part, upon the deceased worker's salary for their own support. The fact that they are entitled to favored treatment, over the estates of workers leaving no dependents, reflects a legislative determination that the former require greater compensation, because of the need to replace the income that provided support for those dependent upon the deceased worker prior to his death.

█ This determination, in our judgment, is entirely reasonable. The Workers' Compensation Act provides many benefits. Some of those benefits may be realized by

the worker himself, prior to his death, such as the compensation payable when the worker is injured but not killed. Other benefits accrue only in the event of his death. All, however, are part of the overall plan. Thus viewed, we are satisfied that there is a fair and substantial relationship between the overall purpose of the Workers' Compensation Act and the particular limitation that applies in this case. Accordingly, we hold that the Act does not deprive Kiedrowski's estate of equal protection of the law, under either the state or federal constitution.

The judgment is AFFIRMED.