Merrimack
No. 86-355

## The State of New Hampshire

v.

## Benjamin Franklin Pierce

October 15, 1987

*Stephen E. Merrill,* attorney general (*Andrew W. Serell,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. In this appeal from two convictions for burglary, RSA 635:1, and one for assault, RSA 631:2-a, the defendant claims that the Superior Court (*Manias,* J.) erred in denying his pretrial motion to suppress a confession on the ground that it was "obtained contrary to his *Miranda* rights, including the right against self-incrimination." We affirm.

On February 12, 1985, the defendant, wearing a ski mask, unlawfully entered two girls' dormitories at St. Paul's School in Concord. While inside the first, he engaged in sexual contact with two students, one of whom he injured when she tried to confine him in a storage room until the police arrived. Within the second building, he removed his clothes and indecently exposed himself to several individuals before leaving.

After focussing suspicion on the defendant, the police obtained a warrant to search his room, as well as to remove samples of his hair and to photograph his unclothed body as it might have appeared to a victim of indecent exposure. When the defendant was brought to the police station to provide the samples and stand for the photographs, the police advised him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and he declined to give any statement. Although he was free to leave the police station after the samples had been provided and the photographs taken, he remained there for about an hour, while his landlord was questioned.

Following this interview with the landlord, the police placed the defendant under arrest and again repeated the *Miranda* warnings. This time the defendant said that he wished to make a statement and ostensibly waived his rights to remain silent and to require the presence of a lawyer. He went on to confess to the crimes and told the police where he had discarded the ski mask. Although the defendant cried during the confession, the trial court found that "he was not so demoralized that he was not aware of what he was doing and the consequences thereof." Finding "no credible evidence that [the defendant's] confession was coerced," the court denied the motion to suppress it.

Our review of that ruling must start with a word about two preliminary issues, the first being the scope of the defendant's claims. While it is clear that he raised no issue of State law in the trial court, the breadth of the federal issues raised is less certain. He obviously contested the voluntariness of the waiver of his rights to silence and the presence of a lawyer, as guaranteed under *Miranda*, but he did not clearly raise a further challenge to the voluntariness of the ensuing confession. The reference in his written suppression motion, to "the right against self incrimination," alludes to the fifth amendment, "on which *Miranda* was based," *Colorado v. Connelly*, 107 S. Ct. 515, 523 (1986), rather than to the fourteenth amendment's due process clause, which is the independent basis for excluding an involuntary confession. *See, e.g., Jackson v. Denno*, 378 U.S. 368, 376 (1964); *Rogers v. Richmond*, 365 U.S. 534, 544–45 & n.3 (1961); *Brown v. Mississippi*, 297 U.S. 278, 285–87 (1936). Although there is doubt, therefore, that the defendant's pleading was sufficient to challenge the voluntariness of his confession, the trial court dealt with this issue as well as with the voluntariness of the waiver, and we will do the same.

The second preliminary matter is the burden of persuasion on these issues. While the State does not dispute its obligation to prove the voluntariness of the *Miranda* waiver and resulting confession, the parties disagree about the quantum of evidence necessary to carry the State's burden. The defendant claims both as to waiver and confession that the State must prove voluntariness beyond a reasonable doubt, citing *State v. Goddard*, 122 N.H. 471, 473, 446 A.2d 456, 457 (1982); the State maintains that it need satisfy its burden only by a preponderance of the evidence, citing *Colorado v. Connelly supra* and *Lego v. Twomey*, 404 U.S. 477 (1972). It is, nevertheless, unnecessary to decide whether *Goddard* has any continuing vitality after *Connelly*, because it it plain that the trial court was correct even on a reasonable doubt standard.

Turning to the merits, the defendant maintains that the trial judge's findings of voluntary waiver and confession failed to reflect the psychological effects of providing the hair samples and standing exposed for police photographs, a process that he claims left him feeling humiliated, fearful, and "dirty." The assertion musters no factual support in the record, however, which discloses the defendant's admission that he had exposed himself indecently at least a dozen times over the course of his life and had suffered no sense of humiliation while doing so. Since the record indicates that the police conducted themselves professionally throughout the process of obtaining the evidence, it is not easy to see why standing for such photographs would have proven so emotionally unsettling as to debilitate the will of an individual who had exposed his body so often in far more startling circumstances. Still less is it plausible that his reaction would have rendered him incapable of voluntary activity after remaining at the police station by his own choice for an hour after the photographs and samples were taken. We therefore perceive nothing in the circumstances to indicate that it was unreasonable of the trial judge to conclude that the waiver and confession were voluntary.

The defendant's position is not merely implausible on the facts, however. It suffers from an equally serious legal flaw in its underlying assumption that a defendant's reaction to reasonable and professional police conduct in gathering evidence could ever render a subsequent waiver of *Miranda* rights or confession of guilt involuntary for constitutional purposes. *Colorado v. Connelly*, 107 S. Ct. 515 (1986), contains the United States Supreme Court's most recent explanation of the concept of voluntariness applicable for purposes of the fifth and fourteenth amendments, and two

quotations from the text of the opinion, when read together, clearly indicate why the defendant's position is untenable.

"We hold that coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."

*Id.* at 522.

"There is obviously no reason to require more in the way of a 'voluntariness' inquiry in the *Miranda* waiver context than in the Fourteenth Amendment confession context. The sole concern of the Fifth Amendment, on which *Miranda* was based, is governmental coercion. *See United States v. Washington,* 431 U.S. 181, 187 (1977); *Miranda, supra,* 384 U.S. at 460. Indeed, the Fifth Amendment privilege is not concerned 'with moral and psychological pressures to confess emanating from sources other than official coercion.' *Oregon v. Elstad,* 470 U.S. 298, 305 (1985). The voluntariness of a waiver of this privilege has always depended on the absence of police overreaching, not on 'free choice' in any broader sense of the word. *See Moran v. Burbine,* 475 U.S., at —, 106 S. Ct., at — ('[T]he relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. . . . [T]he record is devoid of any suggestion that police resorted to physical or psycholog-ical pressure to elicit the statements'); *Fare v. Michael C.,* 442 U.S. 707, 726–727 (1979) (The defendant was 'not worn down by improper interrogation tactics or lengthy questioning or by trickery or deceit. . . . The officers did not intimidate or threaten respondent in any way. Their questioning was restrained and free from the abuses that so concerned the Court in *Miranda*')."

*Id.* at 523, 524.

■ In the record before us, there is not a hint of police activity that could arguably qualify as overreaching, deceptive or coercive. It was reasonable to demand photographs in order to compare witnesses' descriptions of the masked, exposed intruder with the defendant's bodily characteristics, and the evidence persuasively indicated that the police acted with dispatch and courtesy in the process that they followed. Whatever may have been the defendant's

emotional response to the execution of the search warrant, it could not render his subsequent acts involuntary for the purposes in question here, and it can provide no basis to attack the trial court's findings in support of the admissibility of the confession.

*Affirmed.*

THAYER, J., did not sit.