Chatel v. Town of New Ipswich        CV-00-508-JD  06/29/01
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Denise Chatel

     v.                                 Civil No. 00-508-JD
                                        Opinion No. 2001 DNH 122
Town of New Ipswich


                           O R D E R


     The plaintiff, Denise Chatel, brings an action against her

employer, the Town of New Ipswich, seeking to have her position

as the secretary for the police department reclassified to grade

13, as recommended by the chief of police.[1]  Chatel alleges that

the town's refusal to reclassify her position constitutes a

breach of contract, as provided by the employee handbook, and

breach of the implied covenant of good faith and fair dealing.

She also alleges that the town's grievance procedure is not

impartial in violation of the New Hampshire Constitution, Part 1,

Articles 14 and 35 and violates her federal due process rights,

actionable pursuant to 42 U.S.C.A. § 1983.  Both Chatel and the

town move for summary judgment.

_____

     [1]The claims against the individual defendants have been
dismissed.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). In considering cross motions for summary judgment, "the court must consider each motion separately, drawing inferences against each movant in turn." Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997).

## Background[2]

Denise Chatel has been employed as the police secretary in New Ipswich since 1986. In 1998, when the town was considering a proposed classification and pay plan for employees, Chatel wrote to the selectmen to object to her classification at grade 6. She argued that her twelve years of employment with the town entitled her to a higher classification, noting grade 9, which listed "secretary," and grade 13, which listed "municipal administrator." The chief of police, Raymond Brodley, recommended that Chatel be classified at grade 13.

The town adopted the plan on April 1, 1999, and adopted an employee handbook in August of 1999. On December 28, 1999, the Board of Selectmen notified Chatel that she would be reclassified from grade 6 to grade 9 if the budget was voted by the town.

---

[2]The plaintiff did not provide a statement of material facts either in opposition to the defendant's motion or in support of her own motion as required by LR 7.2(b). Instead, the plaintiff refers to her "verified petition" as her factual statement in both contexts. The complaint does not comply with LR 7.2(b). However, to the extent facts set forth in a properly verified complaint satisfy Federal Rule of Civil Procedure 56(e), the complaint may serve as an affidavit for purposes of Rule 56(c). See Sheinkopf v. Stone, 927 F.2d 1259, 1262-63 (1st Cir. 1991). Since the defendant has not objected to the plaintiff's use of her complaint, or any part of it, in this context, the defendant has not preserved its right to object to the use of the statements in the complaint in support of or opposition to summary judgment. See Perez v. Volvo Car Corp., 247 F.3d 303, 314 (1st Cir. 2001).

Chatel asked the Board to send her job descriptions and pay scales for all town secretary positions and her request was further pursued by her counsel. On March 16, 2000, counsel for the town provided information about job descriptions and pay schedules. On May 17, 2000, Chatel presented a demand for reclassification to grade 13.

In response to her demand, counsel for the town told Chatel's counsel that she could file a request for a review under the town's policies and procedures manual. Chatel's counsel asked for a list of the selectmen who would hear her request and also for information about their involvement in denying her claim for reclassification. The request for information was denied. Chatel's counsel wrote to town counsel contending that members of the Board of Selectmen who denied her claim for reclassification to grade 13 were not impartial and should not sit on her request for a review of that decision. When the town did not offer a different process, Chatel filed suit in state court. The town removed the action to this court.

## Discussion

The town moves for summary judgment on all four of Chatel's claims, contending that the handbook did not create a contract, but that even if it did, the town did not breach the handbook's

4

terms. The town argues that it is entitled to judgment on Chatel's state and federal constitutional claims because Chatel does not have a protected liberty or property interest in her job classification.

Chatel objects to the town's motion and moves for summary judgment in her favor on all four counts.

Because this court's subject matter jurisdiction to decide this case, removed from state court, is based on Chatel's § 1983 claim, the court will address that claim first. See 28 U.S.C.A. § 1331; see also 28 U.S.C.A. § 1367.

Chatel alleges that "[b]y depriving [her] of her proper wages and a fair and impartial panel to adjudicate her grievance, [the town has] knowingly and/or with reckless disregard for [her] rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution, deprived her of her Constitutional rights." Compl. ¶ 49. The town contends that Chatel cannot show that she has a constitutionally protected property right in a particular job classification. In response, Chatel argues that she has a contract right, guaranteed by the handbook, to a fair wage classification and a fair hearing on the classification issue.

In essence, Chatel repeats her breach of contract claims in support of her § 1983 claim. Whether or not the town's actions

5

violated provisions of an enforceable contract created by the handbook, the actions, as alleged, do not constitute due process violations if a meaningful post deprivation remedy is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995). Chatel's state law claims for breach of contract and violation of the New Hampshire constitution, which she brought in state court before removal, demonstrate the existence of an adequate state law remedy.[3] See, e.g., Johnson v. Rodriguez, 943 F.2d 104, 110 (1st Cir. 1991); Casey v. Depetrillo, 697 F.2d 22, 23 (1st Cir. 1983); Women's Dev. Corp. v. City of Cent. Falls, 968 F. Supp. 786, 788-89 (D.R.I. 1997). Therefore, Chatel has not alleged a due process violation actionable under § 1983 and that claim is dismissed.

The § 1983 claim is the only federal claim in this action. That claim has now been dismissed. The court declines subject matter jurisdiction as to the remaining state law claims: breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the state constitution. See 28 U.S.C.A. § 1367(c)(3).

---

[3]Whether or not New Hampshire courts would find an enforceable contract pursuant to Panto v. Moore Bus. Forms, Inc., 130 N.H. 730, 735 (1988), and Butler v. Walker Power, Inc., 137 N.H. 432, 436-37 (1993), or a private cause of action under the constitution does not change the availability of a state court forum for such claims.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 28) is granted as to Count IV, the civil rights claims, and is otherwise denied without prejudice. The plaintiff's motion for summary judgment (document no. 31) is denied without prejudice, except as to the claims in Count IV, which are denied with prejudice. The court declines supplemental jurisdiction with respect to the remaining claims in Counts I-III.

The clerk of court shall enter judgment accordingly and remand the case to state court. The case is closed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 29, 2001

cc:  Kevin M. Leach, Esquire
     Thomas B.S. Quarles Jr., Esquire