Raynor v. Estes & Gallup, Inc.          CV-03-194-JD   11/04/03
                UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Beverly Raynor, Administratrix
of the Estate of Randy Raynor

     v.                                  Civil No. 03-194-JD
                                         Opinion No. 2003 DNH 190
Estes & Gallup, Inc.


                           O R D E R


     Beverly Raynor, as the administratrix of her deceased son's estate, brought a wrongful death action against her son's former employer, Estes & Gallup, Inc., in Grafton County Superior Court. Estes & Gallup removed the case to this court based on diversity jurisdiction. Estes & Gallup moved for summary judgment on the ground that the claim is barred by the New Hampshire Workers' Compensation Law, New Hampshire Revised Statutes Annotated ("RSA") chapter 281-A. Estes & Gallup also moved to certify a question as to the application of RSA 281-A in this case to the New Hampshire Supreme Court. The court ordered Estes & Gallup to show cause why the case should not be remanded to state court. Estes & Gallup has filed its memorandum and Raynor has filed her response.

## I. Remand

Having removed this case from state court, Estes & Gallup asks that this court either certify the question to the New Hampshire Supreme Court or remand the case to state court. Raynor objects to remand, noting that Estes & Gallup chose the federal forum, diversity jurisdiction exists in this case, a discovery plan has been accepted and discovery is in progress under the plan, and no grounds exist to support remand. In light of Raynor's objection, remand would not be appropriate. See 28 U.S.C. § 1447(c).

## II. Choice of Law

Estes & Gallup urges the court to apply Vermont workers' compensation law in this case.[1] Estes & Gallup is a New Hampshire company which is located and doing business in New Hampshire. The plaintiff's decedent, Randy Raynor, was working for Estes & Gallup in New Hampshire when the accident, which resulted in his death, occurred. Under these circumstances, New Hampshire provides the governing precedent. See, e.g., Benoit v. Test Sys., Inc., 142 N.H. 47, 53-54 (1997).

---

[1]The court assumed that Estes & Gallup conceded the choice of law issue by seeking certification of a question of New Hampshire law. Estes & Gallup denies concession, however.

III.  Certification

     Estes & Gallup filed a motion to certify to the New Hampshire Supreme Court "the question of law raised by the pending motion for summary judgment and objection."  Nowhere in the motion does Estes & Gallup provide the precise question it seeks to certify.  Apparently, the question for certification is whether the holding in Park v. Rockwell, 121 N.H. 894 (1981), which held that the exclusivity provision of the workers' compensation statutes and the limit on a claim by the estate of a deceased employee were unconstitutional, remains good law.

     The New Hampshire Supreme Court will answer a question certified to it by this court if there are "questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court."  N.H. Sup. Ct. Rules, Rule 34. Certification is not necessary if unambiguous controlling authority exists.  Manchester Sch. Dist. v. Crisman, 306 F.3d 1, 14 (1st Cir. 2002).  In addition, a party who chooses to litigate in federal court, including a defendant who removes a case filed in state court to federal court, "'must ordinarily accept the federal court's reasonable interpretation of extant state law rather than seeking extensions via the certification process.'"

3

<u>Id.</u> (quoting <u>Santiago v. Sherwin Williams Co.</u>, 3 F.3d 546, 548 (1st Cir. 1993)); <u>see also</u> <u>Harvey E. Yates Co. v. Powell</u>, 98 F.3d 1222, 1229, n.6 (10th Cir. 1996).

Estes & Gallup does not dispute that <u>Park</u> controls the issue of the application of the workers' compensation statutes in this case.  It argues, however, that the New Hampshire Supreme Court would overrule <u>Park</u>, if given the opportunity.  The court declines to certify the question, given the circumstances of this case.

IV.   <u>Summary Judgment</u>

Estes & Gallup moves for summary judgment on the ground that RSA 281-A:8 bars the claim.  Raynor objects, pointing out that the New Hampshire Supreme Court held in <u>Park v. Rockwell Int'l Corp.</u>, 121 N.H. 894 (1981), that the workers' compensation law limitation on recovery by the estate of a deceased employee, who died without dependents, was unconstitutional.  Estes & Gallup acknowledge <u>Park</u>, but argue that this court should instead conduct a new analysis of the challenged statutes.

In <u>Park</u>, the New Hampshire Supreme Court held that RSA 281:12 and 281:22 violated the <u>equal protection</u> component of the state constitution because the combined effect of the statutes was to limit the estates of deceased employees, who died without

4

dependents, to $1200. <u>Id.</u> at 900; <u>see also</u> <u>Petition of Abbott</u>, 139 N.H. 412, 417-18 (1995) (applying constitutional analysis from <u>Park</u> to RSA 281-A:32, IX). After <u>Park</u>, the New Hampshire Supreme Court held that RSA 281:12 did not violate the <u>due process</u> component of the New Hampshire Constitution as a bar to a loss of consortium claim. <u>Young v. Prevue Prods., Inc.</u>, 130 N.H. 84, 88 (1987). The court distinguished its holding in <u>Park</u>, however, as an analysis based on <u>equal protection</u> rather than <u>due process</u>.[2] <u>Id.</u> at 87.

The workers' compensation scheme was amended in 1990 and was recodified at RSA 281-A. The current version provides, as before, that an employee is presumed to have accepted on behalf of his legal representatives the exclusive remedy of the workers' compensation provisions. RSA 281-A:8. For purposes of an employee who dies from a workplace injury without surviving dependents, his estate is limited to a recovery of burial expenses not to exceed $5,000. RSA 281-A:26, IV. Estes & Gallup urges this court to hold that <u>Park</u> does not apply to the

---

[2]The court notes Estes & Gallup's questionable interpretation of the holdings in <u>Park</u> and <u>Young</u> and the use of the dissent filed in <u>Estabrook v. Am. Hoist & Derrick, Inc.</u>, 127 N.H. 162 (1985). <u>Thompson v. Forest</u>, 136 N.H. 215 (1992), followed the due process analysis in <u>Young</u> and, therefore, offers no insight into <u>Park</u>'s equal protection analysis. Such an interpretation does nothing to advance the issues in this case.

5

statutes, as amended, despite their similarity to the statutory scheme previously addressed by the New Hampshire Supreme Court.[3]

The court declines Estes & Gallup's invitation to preempt the New Hampshire Supreme Court's analysis of New Hampshire workers' compensation law. "[L]itigants who reject a state forum in order to bring suits in federal court under diversity jurisdiction cannot expect that new trails will be blazed." Ryan v. Royal Ins. Co. of Am., 916 F.2d 731, 744 (1st Cir. 1990); accord Wilson v. Bradlees, 250 F.3d 10, 16 (1st Cir. 2001). Having removed the case from state court, Estes & Gallup cannot expect this court to reevaluate or change New Hampshire law.

The New Hampshire workers' compensation laws, as limited by Park, do not bar Raynor's claim. Therefore, summary judgment is not appropriate on the ground asserted by Estes & Gallup.

---

[3]The New Hampshire Supreme Court recently noted the constitutional limitation imposed on the workers' compensation framework by Park. Trovato v. Deveau, 143 N.H. 523, 525-26 (1999).

## Conclusion

For the foregoing reasons, the defendant's motions to certify (document no. 8) and for summary judgment (document no. 6) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 4, 2003

cc:  Claude T. Buttrey, Esquire
     Andrew D. Dunn, Esquire

7