Sullivan
No. 78-296

### BLUE MOUNTAIN FOREST ASSOCIATION

v.

### TOWN OF CROYDON

March 30, 1979

*McLane, Graf, Greene, Raulerson & Middleton P.A.*, of Manchester (*Jack B. Middleton* orally), for the plaintiff.

*Clauson, Struckhoff and Kelly*, of Hanover (*K. William Clauson* orally), for the defendant.

*Daniel D. Crean*, of Concord, for New Hampshire Municipal Association, amicus curiae.

DOUGLAS, J.   This case concerns the authority of the current use advisory board (the board), under RSA ch. 79-A (Supp. 1977) to establish mandatory values for the assessment of land classified for current use taxation. Blue Mountain Forest Association (taxpayer) argues that the values established by the board for land classified for current use taxation are mandatory and must be followed by the local assessors. The town of Croydon argues that the local assessors are free to depart from the values set by the board and to determine values on a case by case basis.

RSA ch. 79-A (Supp. 1977) is intended to encourage the preservation of open space land. RSA 79-A:1 (Supp. 1977); *Blue Mountain Forest Ass'n v. Town of Croydon*, 117 N.H. 365, 373 A.2d 1313 (1977). To achieve this goal, RSA ch. 79-A (Supp. 1977) provides for valuation of land at current use levels rather than at the land's best and highest use. Because this is a departure from the *ad valorem* system of taxation, the statute requires the implementation of standards to limit this preferred treatment to those properties intended to be covered by the statute. The current use advisory board is an administrative agency empowered to establish a schedule of criteria for use by the local assessors in determining which land is eligible for current use valuation. RSA 79-A:4 I (Supp. 1977). The board's regulations establish a "use value" for each category of land designated for open space treatment. RSA 79-A:2 XI (Supp. 1977). The town assessors determine the value of the land based on the criteria and values set by the board. RSA 79-A:5 I (Supp. 1977).

The taxpayer's property was found eligible for current use taxation as forest land in *Blue Mountain Forest Ass'n v. Town of Croydon,* 117 N.H. 365, 373 A.2d 1313 (1977). Since that time the town has refused to value the land according to the values established by the board for forest land. The taxpayer brought a petition to compel the town to value its land in accordance with the values established by the current use advisory board. A hearing was held in superior court on March 7, 1978. The taxpayer presented evidence of the valuation of its forest land based upon the values of twenty to thirty-five dollars an acre for forest land promulgated by the board. The town contends that the twenty to thirty-five dollar an acre valuation range does not carry out the intent of RSA 79-A:1 and :2 XI (Supp. 1977). The town also argues that the current use value of the taxpayer's land is substantially in excess of the thirty-five dollar maximum valuation set by the board.

The following questions of the Master (*William L. Chapman,* Esq.) were reserved and transferred by *Johnson,* J.

1. May the town raise the issue of whether the assessment range established by the board carries out the intent of RSA ch. 79-A (Supp. 1977)?
2. If the answer to (1) is yes, does the twenty to thirty-five dollar range carry out the statute's intent?
3. Is the town bound by the values established by the board?
4. If the answer to (3) is no, may the town consider the market value of the land in determining current use value?

The threshold question presented by the parties is whether the regulations promulgated by the board are binding on the town. The town argues that the regulations provided by the board are mere guidelines for towns to follow. In support of this position, the town relies on the language throughout RSA ch. 79-A (Supp. 1977), which refers to the Board's regulations concerning valuation as "recommended" values. *See, e.g.,* RSA 79-A:2 XI (Supp. 1977); RSA 79-A:4 III (Supp. 1977). A statute must be read as a whole; all of its sections must be considered together. *Hall v. Brusseau,* 100 N.H. 87, 89, 119 A.2d 703, 704 (1956).

The town's interpretation of the meaning of "recommended" values is inconsistent with RSA 79-A:5 (Supp. 1977) which provides that: "[t]he selectmen or assessing officials shall appraise open space land . . . at valuations based upon the current use values established by the board." It is also inconsistent with the purpose of current use taxation, which is to create a statewide system of valuation of land

classified for current use taxation at a sufficiently low level so as to encourage the land's preservation as open space. The language in RSA 79-A:1 (Supp. 1977) requiring a minimum disturbance of *ad valorem* taxation does not negate this overriding purpose, but merely requires that stringent guidelines be established to ensure that only land that qualifies for current use treatment is so classified.

■ Any doubts as to the power of the board were resolved in 1977 when the legislature redrafted RSA 79-A:4 I (Supp. 1977). Before 1977, this section stated that the board "shall establish a schedule of criteria and values to be recommended for the current year." The amended section states that "the board shall meet at least annually, . . . to establish a schedule of criteria and values to be used for the current year. It shall have the power to establish . . . values as legislation and land management practice may indicate." RSA 79-A:4 I (Supp. 1977). The town argues that this amendment to the statute does not affect the tax years prior to its enactment. We disagree. We have held that where a former statute is clarified by amendment, the amendment is strong evidence of the legislative intent concerning the original enactment. *Gagne v. Garrison Hills Greenhouses*, 99 N.H. 292, 297–98, 109 A.2d 840, 844 (1954), 2A J. SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 49.11 (3rd rev. ed. C. Sands 1973).

■ The town also argues that the values established by the board do not carry out the intent of RSA ch. 79-A (Supp. 1977) and therefore cannot bind the towns. It contends that the board used an improper method for determining valuation because it ignored criteria in the statute, such as the class, type, grade and location of the land under consideration, in determining the valuation of forest land, and that its determination was therefore an abuse of discretion. We hold that the town cannot appropriately raise those issues in this proceeding. Although the town has presented extensive evidence concerning the method of valuation, the board is not a party to this litigation and therefore cannot present evidence in support of its method.

We hold that the town is bound by the values established by the current use advisory board. If the town wishes to challenge the values set by the board, it may do so in an appropriate proceeding. *See* RSA 541-A:7.

*So ordered.*

All concurred.