Board of Taxation
No. 78-146
No. 78-147

TRI–STATE TIMBERLAND CORP.

AND

ATKINSON–DAVIS CORP.

v.

TOWN OF CROYDON

March 30, 1979

*William Howard Dunn,* of Claremont, by brief and orally, for the plaintiffs.

*Gardner & Clauson,* of Hanover (*K. William Clauson* orally), for the town of Croydon.

*Daniel D. Crean,* of Concord, for the New Hampshire Municipal Association as amicus curiae.

DOUGLAS, J. ██ This appeal requires us to determine if the board of taxation is required to remand a case for valuation after the land has been classified as forest land appropriate for current use taxation. Because both the board of taxation and the town are bound by the range of values set by the current use advisory board for forest land, we hold that in this instance it was unnecessary for the board of taxation to remand the case. The Atkinson-Davis Corporation (Atkinson) and the Tri-State Timberland Corporation (Tri-State), as taxpayers, applied for current use assessment for certain land for the tax

year 1977. The town of Croydon failed to notify them of its refusal to classify the land for current use. The taxpayers first were notified of this refusal when they received their 1977 tax bill. The taxpayers appealed to the board of taxation pursuant to RSA 79-A:9 (Supp. 1977). The town was properly notified of the board hearing set for June 1, 1978. At the hearing, the board of taxation determined that the taxpayers' land qualified for classification as forest land. This decision is not disputed. The board of taxation determined that the land should be taxed at thirty-five dollars an acre, based on the highest value set by the current use advisory board for forest land. The town argues that the board of taxation had no jurisdiction to determine the proper value for the taxpayers' land. The town contends that the case should be remanded for determination of value. It bases its argument on RSA 79-A:5 I (Supp. 1977) which provides that

> [t]he selectmen or assessing officials shall appraise open space land, as classified under the provisions of this chapter . . . at valuations based upon current use values established by the board.

Although this section places the responsibility on the town assessors or selectmen for appraising land within the range of valuations established by the current use advisory board, the board of taxation based its valuation on the highest figure allowed by the advisory board's regulations. A remand in this case would be dilatory and meritless because the town selectmen would be obligated to value the land at the same or lower rate. *Blue Mountain Forest Ass'n v. Town of Croydon*, 119 N.H. 202, 400 A.2d 55 (1979). Once land is classified for current use, the role of the local assessor is limited to determining the level of valuation within the guidelines issued by the current use advisory board. *Id.* The range for forest land is twenty to thirty-five dollars an acre. Because the board of taxation assessed the land at the highest possible value, the town is not aggrieved by the board of taxation decision.

*Appeal dismissed.*

All concurred.