Hillsborough-southern judicial district
No. 2000-024

### NASH FAMILY INVESTMENT PROPERTIES

v.

### TOWN OF HUDSON

### BALLINGER PROPERTIES & a.

v.

### TOWN OF LONDONDERRY

November 26, 2001

*Wenger & Cronin, P.C.*, of Manchester (*John F. Bisson* and *John G. Cronin* on the brief, and *Mr. Cronin* orally), for the plaintiffs.

*Grinnell & Bureau*, of Londonderry (*David R. Connell* on the brief), for defendant Town of Londonderry.

*Donahue, Tucker & Ciandella*, of Exeter (*John J. Ratigan* orally), for the defendants.

*Gallagher, Callahan & Gartrell, P.A.*, of Concord (*Andrew B. Eills* on the brief), for the Aggregate Manufacturers Assoc. of New Hampshire, as *amicus curiae*.

DUGGAN, J. The plaintiffs, owners of property used for commercial excavation and subject to the provisions of the excavation activity tax under RSA chapter 72-B (Supp. 1999), appeal a Superior Court (*Hollman, J.*) order declaring the excavation activity tax, RSA 72-B:1, III, constitutional. We reverse and remand.

In 1998, pursuant to RSA chapter 72-B, the Towns of Hudson and Londonderry (defendants) assessed taxes against property located within the respective towns and owned by the plaintiffs. Thereafter, the plaintiffs filed declaratory judgment actions in the superior court asserting the excavation activity tax, levied pursuant to RSA 72-B:1, III, violated the State Constitution. By court order and agreement of the parties, the court consolidated the actions, and the cases were argued and submitted upon stipulated facts. After considering the parties' arguments, the trial court concluded the excavation activity tax is constitutional. On appeal, we review the trial court's application of law to the stipulated facts *de novo*. *Tucker v. Merchants Ins. Group*, 146 N.H. 168, 170, (2001).

In 1997, the legislature enacted the excavation tax and excavation activity tax, RSA chapter 72-B. *See* Laws 1997, ch. 219. In 1999, the legislature amended the statute, upon finding "there ha[d] been a great deal of confusion and uncertainty among taxpayers, assessors, and municipalities regarding the applicability of the excavation activity tax

imposed by RSA 72-B, and how it should be implemented." Laws 1999, ch. 301. In amending the statute, the legislature did not seek to impose any new obligations upon taxpayers; rather, it "wishe[d] to clarify" certain provisions relating to the excavation activity tax. *See* Laws 1999, 301:1. Thus, the amendment did not change the nature of the tax or its application.

The excavation activity tax generally applies to the pit area opened during an active excavation until that area is reclaimed. *See* RSA 72-B:1, III, IV. The statute authorizes municipalities to exempt the pit area of property with commercial excavation activity from real estate taxation pursuant to RSA 72:6 (1991), and instead to impose an excavation activity tax. *See* RSA 72-B:1, III. The excavation activity tax rate is determined by first "assess[ing the excavation] as if it were an equal size parcel devoted to a comparable industrial use located in a comparable location within the taxing jurisdiction," RSA 72-B:12, III, and then applying "the same schedule applicable in the municipality to the billing of real property," RSA 72-B:4, II. The property is assessed on April 1 of the tax year. *Id.* Certain excavations, including "[a]n excavation that has been reclaimed," RSA 72-B:1, IV(a), or "[a]n excavation that has ceased commercially useful operation prior to August 24, 1977, as set forth in RSA 155-E:2, II(c)," RSA 72-B:1, IV(c), are exempt from the excavation activity tax.

█ The plaintiffs first contend that the statute violates Part I, Article 12 and Part II, Article 6 of the State Constitution because it creates an improper classification of property for taxation. Under the State Constitution, "[t]he legislature possesses broad authority to classify property as taxable and non-taxable and grant reasonable exemptions from taxation." *Opinion of the Justices (Mun. Tax Exemptions for Elec. Util. Personal Prop.)*, 144 N.H. 374, 383 (1999). In selecting a certain class of property for taxation and exempting other property, the legislature's exercise of discretion "will be sustained provided just reasons exist for the selection made." *Id.* "[A] reasonable classification which is sufficiently inclusive to constitute a distinctive class will be upheld, as long as the proposed selection is not arbitrarily made or for the sole purpose of preferring some taxpayers to others." *Id.* (quotation and citation omitted).

█ In selecting this class of property for taxation, the legislature sought to encourage excavation operators "to effectively use and manage known earth deposits and reclaim those areas of excavations that have been excavated since August 24, 1977." Laws 1999, 301:1, IX. Additionally, the legislature sought to further "one of the state's fundamental policy goals ... to encourage and promote compliance with the statewide

comprehensive regulatory framework for the regulation of earth removal and activities associated therewith, as set forth in RSA 155-E." Laws 1999, 301:1, VIII. This higher level of taxation on active commercial excavation sites provides an incentive to property owners to limit excavation activity and quickly reclaim sites. The imposition of the excavation activity tax is a rational method to achieve the legislature's goal of promoting effective use and management of earth deposit sites, as well as encouraging compliance with the State's regulations. *Cf. Opinion of the Justices (Current Use Reimbursement Program)*, 137 N.H. 270, 276 (1993) (classifying property for the purpose of promoting conservation and protection of natural resources is constitutional). Therefore, we reject the plaintiffs' assertion that the statute creates an improper classification of property for taxation.

The plaintiffs next argue that the methodology used to assess property for the excavation activity tax results in disproportionate taxation in violation of Part I, Article 12 and Part II, Articles 5 and 6 of the New Hampshire Constitution. RSA 72-B:12, III provides: "For purposes of administering the excavation activity tax, the excavation shall be assessed as if it were an equal size parcel devoted to a comparable industrial use located in a comparable location within the taxing jurisdiction ...." Because this assessment may not have any correlation to the actual value of the property, the plaintiffs assert it causes disproportionate taxation. *See Opinion of the Justices*, 99 N.H. 525, 527 (1955).

[3] Part II, Article 5 of the New Hampshire Constitution provides: "[F]ull power and authority are hereby given and granted to the said general court ... to impose and levy proportional and reasonable assessments, rates, and taxes, upon ... all estates ...." A taxing scheme violates Part II, Article 5 when it causes disproportionate taxation. *See Appeals of Town of Bow & a.*, 133 N.H. 194, 199 (1990). Under this clause, "[a] taxpayer is disproportionally taxed if it is assessed at a greater proportion of its property's *true value* than are other taxpayers." *Id.* (emphasis added). When considering the constitutionality of a property tax, this court has consistently held that the constitution prohibits "the imposition of any other tax than one assessed upon a proportional and equal valuation of all the different kinds of property on which it is to be levied." *Opinion of the Justices*, 76 N.H. 588, 592 (1911) (quotation omitted). This valuation of property is an appraisal of the property to be taxed, and therefore except for a tax upon polls, all taxes are required to be laid on the property's value, *i.e.*, *ad valorem*. *See Opinion of the Justices*, 82 N.H. 561, 563 (1927).

■ In this case, the assessed value of the taxable property is determined solely by assigning to it the value that a parcel of equal size devoted to a comparable industrial use located in a comparable location within the taxing jurisdiction would have. *See* RSA 72-B:12, III. The statute does not employ any of the recognized methods for valuing real estate. *See Town of Croydon v. Current Use Advisory Bd.*, 121 N.H. 442, 446 (1981) (recognizing "three generally-accepted methods of valuing real estate: the replacement cost approach, the comparable sales method, and the capitalization of income approach"). Rather than using a recognized method to establish unit values and then making adjustments factoring in each parcel's particular features such as frontage, area, shape, wetlands, topography, zoning and accessibility, the statute's assessment methodology considers only the size and location of each property. By ignoring important factors in determining a parcel's value, the statute's methodology cannot produce the true value of property to be taxed with any kind of accuracy.

■ On its face, the statute is unconstitutional because it does not assess property at its true value. In addition, the stipulated facts demonstrate how the statute's assessment methodology results in valuations that are disproportionate. The record reveals that even though all relevant parcels in Londonderry are assessed for the excavation activity tax as industrial land, only one parcel has site plan approval for such use, while the remaining parcels cannot be used for industrial purposes until the road frontage is improved. The difference in value between a property approved for industrial use and one requiring improvement before it can be approved for such use may be significant. This example illustrates the impermissible disproportionality created within the class by the statute's assessment methodology.

The defendants maintain the excavation activity tax is constitutional because the statute attempts to value the property based on its current use. Specifically, the defendants contend the statute's assessment methodology resembles the simplified method employed to establish current use values under RSA chapter 79-A (Supp. 2000). In 1968, the constitution was amended to allow the legislature to "depart from the *ad valorem* system of taxation." *Blue Mountain Forest Ass'n v. Town of Croydon*, 119 N.H. 202, 203 (1979). As amended, the constitution now provides: "The general court may provide for the assessment of any class of real estate at valuations based upon the current use thereof." N.H. CONST. pt. II, art. 5-b.

238

■ Even if we assume Part II, Article 5-b applies to this taxing scheme, this exception to the general rule of proportionality still requires the assessments to bear some relation to the particular characteristics of the property. The current use valuation does not completely disregard each parcel's true value, but allows property to be valued using the capitalization of income approach even if that valuation produces a result that is less than the value of the parcel at its best and highest use. *See Current Use Advisory Board,* 121 N.H. at 444-49; *see also* RSA 79-A:2, V. Thus, even if Part II, Article 5-b permits this land to be assessed at its "current use" value, that valuation must bear some relation to particular characteristics of the property, just as RSA chapter 79-A considers the particular characteristics of property when applying the income approach to value open space land.

In light of our decision, we need not address the remaining issues the plaintiffs raise on appeal. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK and NADEAU, JJ., concurred.