NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2013-620

SCOTT ANDERSON & a.

v.

EXECUTIVE DIRECTOR, NEW HAMPSHIRE RETIREMENT SYSTEM & a.

Argued: May 15, 2014
Opinion Issued: September 30, 2014

Upton & Hatfield, LLP, of Portsmouth (Russell F. Hilliard on the brief and orally), for petitioner Scott Anderson.

Getman, Schulthess & Steere, P.A., of Manchester (Andrew R. Schulman on the brief and orally), for respondent Executive Director, New Hampshire Retirement System.

Joseph A. Foster, attorney general (Richard W. Head, associate attorney general, on the brief and orally), for the State.

DALIANIS, C.J. Petitioner Scott Anderson appeals an order of the Superior Court (McNamara, J.) granting summary judgment to the

respondents, the Executive Director of the New Hampshire Retirement System (NHRS) and the State, and denying summary judgment to Anderson and three other petitioners. Anderson is the only petitioner who appealed. He argues that the trial court erred when it determined that RSA 100-A:1, XXXIV (2013) as applied to him is not an unconstitutional retrospective law. See N.H. CONST. pt. I, art. 23. We affirm.

The record establishes the following facts. Anderson is a retired Plaistow police officer who was a member of the NHRS. See Appeal of Eskeland, 166 N.H. ___, ___ (decided August 8, 2014) (at retirement, a member of the NHRS becomes a "beneficiary" within the meaning of the applicable statutes). Anderson retired in November 2011. After retiring, he worked part-time as a police officer in Plaistow, Atkinson, and Hampstead.

When he retired, RSA 100-A:1, XXXIV provided that "[p]art-time," for the purposes of employing a NHRS retiree meant, "employment by an [NHRS] employer" of no more than "32 hours in a normal calendar week," or if the work hours in some weeks exceeded thirty-two hours, then no more than "1,300 hours in a calendar year." Laws 2011, 248:2 (emphasis added). Anderson understood that provision "to mean [he] could work potentially up to 32 hours per week for Plaistow, up to 32 hours per week for Atkinson, and up to 32 hours per week for Hampstead."

In 2012, the legislature amended RSA 100-A:1, XXXIV to provide that "[p]art-time," for the purposes of employing a NHRS retiree, "means employment during a calendar year by one or more employers of the retired member which shall not exceed 32 hours in each normal calendar week," or if the work hours in some weeks exceed thirty-two hours, then no more than 1,300 hours in a calendar year. Laws 2012, 194:5 (the 2012 amendment) (emphasis added).

In August 2012, Anderson and three other NHRS retirees petitioned for declaratory and injunctive relief. Anderson contended that to apply the 2012 amendment to him violated Part I, Article 23 of the New Hampshire Constitution. Specifically, he asserted that, as a result of the 2012 amendment, he would be "restored to service" under RSA 100-A:7 (2013) and, thus, lose his retirement benefits if he worked more than "[p]art-time" as defined in RSA 100-A:1, XXXIV. Under RSA 100-A:7, when a retiree is "restored to service," his "retirement allowance shall cease," and he "shall again become a member of the [NHRS] and . . . shall contribute" to that system. Anderson contended that the 2012 amendment substantially impaired his vested right because its effect is to restore him to service if he works more than thirty-two hours per week or 1,300 hours per year for any combination of NHRS employers, even if he does not work full-time hours for any single NHRS employer. Thereafter, the petitioners moved for summary judgment, and the

2

State cross-moved for summary judgment.  The trial court ruled in the State's favor, and Anderson's appeal followed.

In reviewing the trial court's rulings on cross-motions for summary judgment, "we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law."  State Employees' Assoc. of N.H. v. State of N.H., 161 N.H. 730, 734 (2011) (quotation omitted).

We do not reach the merits of Anderson's constitutional challenge to the 2012 amendment because we conclude that it rests upon a mistaken interpretation of the underlying statutes.  See Olson v. Town of Fitzwilliam, 142 N.H. 339, 345 (1997) (noting that we decide cases on constitutional grounds only when necessary).  Anderson contends that because the pre-2012 version of RSA 100-A:1, XXXIV refers to "an employer" instead of "one or more employers," it allowed a retiree to work up to thirty-two hours per week or 1,300 hours per year for any number of municipal employers as long as the retiree did not work more than thirty-two hours per week or 1,300 hours per year for any one such employer.  However, the legislature has provided that in construing all statutes, "[w]ords importing the singular number may extend and be applied to several persons or things," RSA 21:3 (2012), "unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute," RSA 21:1 (2012).

In the instant case, the 2012 amendment makes clear that such construction is consistent with legislative intent.  When the legislature changed "an employer" to "one or more employers" in 2012, it stated that it was merely "clarify[ing] recent changes to the administration of the New Hampshire retirement system."  Senate Bill 244, available at www.gencourt.state.nh.us/legislation/2012/SB0244.  Under those circumstances, the 2012 amendment to RSA 100-A:1, XXXIV is "strong evidence of the legislative intent concerning the original enactment."  Blue Mountain Forest Ass'n v. Town of Croydon, 119 N.H. 202, 205 (1979).  In other words, although the pre-2012 version of RSA 100-A:1, XXXIV referred to "an employer," the legislature intended the singular "an employer" to include the plural "one or more employers."  Thus, contrary to Anderson's contentions on appeal, when he retired in 2011, he had no right, vested or otherwise, to work up to thirty-two hours per week or 1,300 hours per year for more than one NHRS employer.

Because we have resolved Anderson's appeal in this way, we express no opinion as to whether he correctly interprets the applicable statutes when he contends that a NHRS retiree is "restored to service" pursuant to RSA 100-A:7 when he or she works more than "[p]art-time," as defined in RSA 100-A:1,

3

XXXIV, but fewer than the full-time hours required for membership in the NHRS, see RSA 100-A:1, VII (2013).  We invite the legislature to clarify its intent.

Affirmed.

    HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.