**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0654, <u>Petition of Alexander Scott</u>, the court on December 1, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case.  The petitioner, Alexander Scott, seeks a review of a ruling of the board of trustees (Board) of the respondent, New Hampshire Retirement System (NHRS), that as a result of his employment from February 2017 to November 2017 by the New Hampshire Department of Justice, Office of the Attorney General (AGO), he was restored to service as a Group I member, thereby entitling the NHRS to recoup the annuity payments he received during that time and disqualifying him for Group II death benefits.  We reverse and remand.

I.  Background

The NHRS is a tax qualified pension trust for public employees.  <u>Petition of Carrier</u>, 165 N.H. 719, 721 (2013).  Membership in the NHRS is limited to public employees, teachers, permanent police officers, and permanent firefighters, all as defined in RSA 100-A:1.  <u>Id</u>.; <u>see</u> RSA 100-A:1 (Supp. 2019).  Members defined as teachers or other public employees are classified as Group I members, while members defined as permanent police officers or permanent firefighters are classified as Group II members.  <u>Petition of Carrier</u>, 165 N.H. at 721.

The petitioner served as the police chief in Claremont and, therefore, was a member of Group II.  In December 2016, he was offered a position as an "Attorney" with the AGO.  In the letter offering him the Attorney position, the AGO informed the petitioner that "[a]ssuming [his] performance . . . matches the high level [his] prior experience and accomplishments indicate it should, [he] would be eligible for . . . nomination for appointment as an Assistant Attorney General after one year of employment."  The letter further informed him that he was "not required to pay into the State retirement system, but the option is available and [would] be explained on [his] first day."

On January 3, 2017, the AGO submitted a request to the Governor and Executive Council to approve the petitioner's appointment as an Attorney at the AGO.  The request was approved shortly thereafter.  The petitioner retired as police chief on February 3, with an effective date of March 1, and began his employment with the AGO on February 6.

The parties agree that the petitioner was an unclassified state employee while employed by the AGO. See RSA 21-I:49, V (2020) (excluding from classified service "officers whose salary is specified or provided by special statute"); RSA 94:1-a, I(c) (Supp. 2019) (specifying the salary for the Attorney position in the AGO as of January 4, 2019). During his employment with the AGO, the petitioner did not contribute to the NHRS; nor did the AGO contribute to the NHRS on his behalf. On October 20, 2017, the petitioner resigned his position with the AGO, effective November 23. While employed by the AGO, the petitioner collected a service retirement annuity from the NHRS in the amount of $37,002.78 in addition to his salary for the Attorney position.

In February 2018, the NHRS notified the petitioner that enrollment in the NHRS was mandatory for his full-time position at the AGO, as set forth in RSA 100-A:3, because he had been "appointed to an unclassified position with no fixed term on or after July 1, 2011," and had been "receiving benefits from the retirement system." RSA 100-A:3, I(a) (Supp. 2019). According to the NHRS, the petitioner's status was governed by RSA 100-A:7, under which his employment at the AGO meant that he had been "restored to service" as a Group I member. RSA 100-A:7, I (Supp. 2019). Upon being "restored to service," the petitioner's retirement allowance should have ceased, and he should have contributed to the NHRS. See id. Additionally, upon leaving his employment with the AGO, he was required to "re-retire" as a Group I member, making him ineligible for the 50% automatic spousal survivor benefit, which is only available to Group II retirees. See RSA 100-A:12, II (2013).

In April 2018, the petitioner was provided formal notice of the administrative decision of NHRS staff that he was restored to service pursuant to RSA 100-A:7, I, as a result of his employment with the AGO, and that the Board's benefits committee had voted unanimously to recoup the overpaid annuity payments. The petitioner was further notified that he was deemed to have "re-retired as of December 1, 2017 as a Group I member" and, therefore, that he "no longer qualifies for the Group II death benefits pursuant to RSA 100-A:12."

In May 2018, the petitioner appealed the staff administrative decision to the Board. Following a hearing on the matter in April 2019, a hearing officer recommended that the Board uphold the staff's determinations. The Board accepted the hearing officer's recommendations. The petitioner filed a motion for rehearing, which was denied. This petition for a writ of certiorari followed.

II. Analysis

"Because RSA chapter 100-A does not provide for judicial review, a writ of certiorari is the sole remedy available to a party aggrieved by a decision of the NHRS." Petition of State Employees' Assoc., 161 N.H. 476, 478 (2011) (quotation and brackets omitted). Our standard of review is whether the Board

2

acted illegally with respect to jurisdiction, authority or observance of the law, or has unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously. See Petition of Chase Home for Children, 155 N.H. 528, 532 (2007).

A. Restoration to Service

The petitioner first argues that the Board erred when it determined that his employment by the AGO restored him to service. Resolving this issue requires that we engage in statutory interpretation. We review the Board's statutory interpretation de novo. Petition of State Employees' Assoc., 161 N.H. at 478. We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Id. When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. at 478-79. We interpret a statute in the context of the overall statutory scheme and not in isolation. Id. at 479. Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. Id.

RSA 100-A:7, I, provides that "[a]ny retired [NHRS] member returning to work for a participating employer in a position requiring mandatory membership" in the NHRS "shall be restored to service." Once restored to service, "the retiree's retirement allowance shall cease, the retiree shall again become a member of the [NHRS], and the retiree shall contribute" to the NHRS. RSA 100-A:7, I; see Anderson v. Executive Dir., N.H. Retirement Sys., 166 N.H. 752, 754 (2014).

The parties dispute whether the Attorney position required mandatory NHRS membership. Pursuant to RSA 100-A:3, I(a), NHRS membership is mandatory for "employees appointed to an unclassified position with no fixed term on or after July 1, 2011 . . . , if they are receiving benefits from the retirement system." By contrast, NHRS membership is "optional in the case of elected officials, officials appointed for fixed terms, employees appointed to an unclassified position with no fixed term prior to July 1, 2011," or for certain employees of the General Court. RSA 100-A:3, I(a).

The Board found that "[a]s an appointee to the position of Attorney," the petitioner "was an official." That finding has not been challenged on appeal. Nor is it disputed that the Attorney position constitutes an unclassified position. Thus, the parties' dispute centers upon whether the petitioner was "appointed to an unclassified position with no fixed term" for whom NHRS membership was mandatory, or whether he was an official appointed for a "fixed term[]"for whom NHRS membership was optional. Id.

3

The petitioner contends that the Attorney position constituted an unclassified position with a fixed term. Thus, when he was employed by the AGO, he was an official appointed for a fixed term. Id. We agree.

The position of Attorney in the AGO is a temporary classification that the New Hampshire Attorney General may give to a vacant position of Assistant Attorney General. See RSA 7:16, I, :16-a, I (2020). Under RSA 7:16-a, I, the Attorney General "may downgrade" the position of Assistant Attorney General to the Attorney position "for the purpose of filling the same with a person lacking sufficient experience to qualify for the office of assistant attorney general." RSA 7:16-a, I. The position, "when downgraded, shall entitle the person holding the same to all the rights and privileges of the classified state system except that the persons holding the same shall serve at the pleasure of the [Attorney General]." Id. RSA 7:16-a, I, further provides that "no later than the expiration of 3 years from the initial date of employment, the person holding such position shall either be nominated and confirmed in the office of assistant attorney general as provided in RSA 7:16 for the unexpired term or shall be discharged." Id. In addition, "[i]n the event that said person is discharged, the attorney general may fill the vacancy . . . for the unexpired term as provided in RSA 7:16 or may again downgrade the position to attorney I, II, or III." Id.

RSA 7:16, I, authorizes the Attorney General, "subject to the approval of the governor and council," to "appoint assistant attorneys general . . . , each of whom shall hold office for a term of 5 years and may be removed only as provided under RSA 4:1." By statute, "[a]ny vacancy in such office may be filled for the unexpired term." RSA 7:16, I.

As the NHRS rightly acknowledges, Assistant Attorneys General are appointed for fixed terms. The phrase "fixed term" is not defined in RSA chapter 100-A. The plain meaning of the word "fixed" in this context is "not subject to change or fluctuation : ABSOLUTE, SETTLED, DEFINITE." Webster's Third New International Dictionary 861 (unabridged ed. 2002). The dictionary gives as examples, a fixed salary and a fixed rate. Id. The plain meaning of the word "term" in this context is "a limited or definite extent of time : the time for which something lasts : DURATION, TENURE." Id. at 2358. The plain meaning of the two words together is, therefore, a definite extent of time that is not subject to change or fluctuation. Assistant Attorneys General are each appointed "for a term of 5 years." RSA 7:16, I. Such a term is a "fixed term" within the meaning of RSA chapter 100-A because it is definite and is not subject to change or fluctuation.

The Attorney position in the AGO is a temporary classification of the Assistant Attorney General position, and it, too, is a position with a "fixed term." A person in the Attorney position can occupy that position for no more than three years. See RSA 7:16-a, I. If the person is promoted to Assistant

4

Attorney General before the expiration of that three years, he or she serves as an Assistant Attorney General "for the unexpired" portion of the five-year term associated with that position.  See id.

In arguing for a contrary result, the NHRS urges us to consult legislative history.  We decline to do so because we have interpreted the pertinent statutes according to their plain meaning.  See Petition of State Employees' Assoc., 161 N.H. at 479 (explaining that we consider legislative history if a statute is ambiguous).

B.  Eligibility for Group II Spousal Survivor Benefit

We next address whether the NHRS erred when it determined that the petitioner was no longer eligible for the 50% automatic spousal survivor benefit available only to Group II retirees.  See RSA 100-A:12, II.  The NHRS based its determination that the petitioner was disqualified from that benefit upon its conclusion that he was restored to service as a Group I member when he became an Attorney with the AGO.  See RSA 100-A:7, I.  Having concluded that the NHRS erred when it determined that the petitioner was restored to service, we necessarily also conclude that the NHRS erred when it determined that leaving the AGO required him to "re-retire" from a Group I position, thereby rendering him ineligible for the spousal survivor benefit available only to Group II retirees.  See RSA 100-A:12, II.

Reversed and remanded.


HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

5